**GARLAND, Plaintiff-Appellee, v. GILBERT, et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2029. Decided April 30, 1949.

Irvin Carl Delscamp, Dayton, for plaintiff-appellee.
Baggott & Johnston, Dayton, for Albert Gilbert, Executor.
C. A. Funkhouser. Dayton, for Evelyn Claus.

## OPINION

By WISEMAN, J.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County, Ohio, setting aside a separation agreement.

In the absence of a bill of exceptions appellants must rely solely on the record to exemplify any error of the trial court. The allegations and admissions made in the pleadings sufficiently present the legal questions in issue.

The record shows that Albert L. Garland, deceased, and Irene Garland, the plaintiff herein, were husband and wife; that on July 16, 1945, the husband sued the wife for divorce; that on July 23, 1945, they entered into a separation agreement wherein they agreed to an immediate separation.

The wife agreed to immediately vacate the home and to take with her her own personal clothing and jewelry and a few other personal belongings, and to immediately execute and deliver to her attorney a deed conveying all of her interest in said home to the husband. The agreement provided that the deed should not be delivered to the husband "until after the conclusion of the divorce proceeding now pending." The separation agreement further provided that "When and if a decree of divorce is granted to the plaintiff in said action upon the same day such decree is filed for record in the office of the Clerk of Courts, Albert L. Garland shall pay to Charles J. Brennan, as attorney for Irene Garland, the

sum of Three Thousand Dollars ($3,000.00), which shall be in full satisfaction of all claims whatsoever which said Irene Garland may have against Albert L. Garland growing out of their marriage, or in any manner pertaining to its termination." The agreement further provided that each party thereby released the other from all other claims or obligations, rights and duties arising out of the marital relation.

The record shows that the divorce action was never heard due to the death of Albert L. Garland on August 21, 1945, and, as a consequence, no decree of divorce was granted or filed and the payment of Three Thousand Dollars ($3000.00) was never made by the husband. The parties did separate immediately upon the execution of said agreement. The deed to the home which was executed by the wife was never delivered to the husband. The estate of the husband was appraised at $10,417.44.

On September 3, 1945, the defendant-appellant, Albert Gilbert, was appointed executor of the estate of Albert L. Garland and on October 1, 1945, said executor tendered the sum of $3000.00 to the plaintiff which she refused to accept.

This action is brought against the executor of the estate of the husband and the legatees under his last will and testament.

The trial court found that "the parties did not intend that the provisions of the contract in issue cover the eventuality of Albert Garland's death before he obtained a decree of divorce, and that the contract, consequently, fails because of impossibility of performance." The court further found that the wife having received nothing of value from the husband, or his estate, to be returned by her, she is entitled to assert whatever rights she may have under the law against his estate. The court set aside the separation agreement and decreed it to be null and void and of no force and effect.

Appellants have not specifically assigned the errors of which they complain. From their brief, it may be reasonably deduced that the only error claimed is that the court erred in its finding that the parties did not intend that the contract should cover the eventuality of the husband's death before he obtained a divorce decree and that the separation agreement was null and void because of impossibility of performance.

We agree with the judgment of the trial court. The payment of the total consideration moving to the wife was conditioned on the divorce being granted to the husband and the decree filed in the office of the Clerk of Courts. The husband

was under no obligation to pay anything to the wife unless these two conditions were met. If the wife had contested the divorce action and had been granted the decree, the husband would have been under no obligation to pay anything to the wife. The appellants contend that the words "**when and if** a decree of divorce is granted to the plaintiff in said action" were used by the parties to fix the time of payment, and that the time of payment was accelerated by an act of God. With this we do not agree. While it is true, the time of payment was fixed as of the date of filing a decree granted to the husband, the payment itself was conditioned on the decree being granted to the husband. The condition was not fulfilled and could not be fulfilled by reason of the death of the husband. Clearly the parties did not provide against the eventuality of the death of the husband before a divorce decree was granted to him. The contract fails because of impossibility of performance.

The appellants contend that this construction fails to give due consideration to the last paragraph in the separation agreement wherein it was agreed that each party was barred from any and all rights or claims by way of dower, inheritance, descent distribution, allowance for year's support, right to remain in the mansion house, and all rights or claims as widow, widower, heir, distributee, survivor or next of kin, and all other rights or claims whatsoever in or to the estate of the other, whether real or personal, which may in any manner arise or accrue by virtue of said marriage, all such rights being released to the other and to the heirs, executors, administrators and assigns of the other. The point is made by the appellants that this provision indicates that the parties considered the eventuality of death. This provision is usually found in separation agreements and is given full effect when the facts and circumstances are such as to require its application. In the instant case it would be given effect if the divorce had been granted to the husband as contemplated and all the conditions had been met. This provision when considered in conjunction with the other provisions of the contract does not have the effect of eliminating or modifying the conditions under which the total consideration moving to the wife is to be paid.

Finding no error in the record prejudicial to the appellants the judgment is affirmed.

MILLER, PJ and HORNBECK, J, concur.